IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TODD JOHNATHAN WHITEHEAD, # 287908, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> LOUIS BOYD, *et al.*, ) <br> ) <br> Respondents. ) | Civil Action No. 1:14cv329-MHT <br> (WO) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This case is before the court on a petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by Alabama inmate Todd Johnathan Whitehead on March 27, 2014. Doc. No. 1.[1] Whitehead presents claims challenging the constitutionality of his 2013 jury trial convictions in the Circuit Court of Houston County for one count of sexual abuse in the first degree, in violation of § 13A-6-66, Ala. Code 1975; three counts of incest, in violation of § 13A-13-3, Ala. Code 1975; three counts of rape in the second degree, in violation of § 13A-6-62, Ala. Code 1975; and two counts of rape in the first degree, in violation of § 13A-6-61, Ala. Code 1975. The trial court sentenced Whitehead to 10 years' imprisonment on the sexual abuse conviction, 10 years' imprisonment on each of the three incest convictions, 20 years' imprisonment on each of the three second degree rape convictions, and 99 years' imprisonment on each of the two convictions for first degree rape. The sentences were ordered to run consecutively.

---

[1] Document numbers ("Doc. No.") are those assigned by the Clerk of Court in this action. Page references are to those assigned by CM/ECF.

Whitehead appealed to the Alabama Court of Criminal Appeals, where he asserted the following claims:

1. The trial court erred in failing to excuse three prospective jurors for cause and, specifically, abused its discretion by refusing to allow defense counsel to further question the jurors.

2. He was subjected to double jeopardy when he was convicted of both rape and incest.

3. The State failed to present sufficient corroborating evidence, as required by § 13A-13-3, Ala. Code 1975, to support his incest convictions.

4. The trial court erred in denying his motion for a judgment of acquittal for the second charge of first-degree rape and the charge of first-degree sexual abuse.

5. The trial court impermissibly commented on the evidence by making various notations and fact descriptions on the jury verdict forms.

Doc. No. 14-7 at 45.

On October 25, 2013, by unpublished memorandum opinion, the Alabama Court of Criminal Appeals affirmed Whitehead's convictions and sentence. Doc. No. 14-9. Whitehead applied for rehearing, which was overruled on November 15, 2013. Doc. Nos. 14-10 and 14-11. He then filed a petition for writ of certiorari with the Alabama Supreme Court, which that court denied on January 10, 2014, issuing a certificate of judgment the same day. Doc. Nos. 14-12, 14-13, and 14-14.

On March 27, 2014, Whitehead filed this petition for writ of habeas corpus under § 2254,[2] reasserting his claims that (1) the trial court erred in failing to excuse three prospective jurors for cause and (2) the State failed to present sufficient corroborating evidence to support his incest

---

[2] Whitehead initially filed his petition in the United States District Court for the Southern District of Alabama. In an order entered on May 5, 2014, that court transferred Whitehead's petition to this court. See Doc. Nos. 3 and 4.

convictions. Doc. No. 1 at 6 and 8. The respondents argue that Whitehead's claims were properly adjudicated on the merits by the state courts and that he is not entitled to federal habeas relief. Doc. No. 14. After careful review of Whitehead's petition, the undersigned finds, for the reasons set forth below, that Whitehead is not entitled to habeas relief on the basis of his claims and that his petition should be denied without an evidentiary hearing. Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*.

## II. DISCUSSION

**A.     Scope of Habeas Review for Claims Adjudicated on Merits by State Courts**

"When it enacted the Antiterrorism and Effective Death Penalty Act of 1996 ('AEDPA'), Congress significantly limited the circumstances under which a habeas petitioner may obtain relief." *Hardy v. Allen*, 2010 WL 9447204, at *7 (N.D. Ala. Sep. 21, 2010). To prevail on a § 2254 claim adjudicated on the merits by the state courts, a petitioner must show that a decision by the state courts was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was "based on an unreasonable determination of the facts, in light of the evidence presented in the State court proceeding." 28 U.S.C. §2254(d)(1) & (2); *see Williams v. Taylor*, 529 U.S. 362, 404-05 & 412-13 (2000).

A state court's decision is "contrary to" federal law either if it fails to apply the correct controlling authority, or if it applies the controlling authority to a case involving facts "materially indistinguishable" from those in a controlling case, but nonetheless reaches a different result. *Williams*, 529 U.S. at 404-06; *Bell v. Cone*, 535 U.S. 685, 694 (2002). A state court's decision is an "unreasonable application" of federal law if it either correctly identifies the governing rule but then applies it to a new set of facts in a way that is objectively unreasonable, or it extends or fails

3

to extend a clearly established legal principle to a new context in a way that is objectively unreasonable. *Williams*, 529 U.S. at 407. "Objectively unreasonable" means something more than an "erroneous" or "incorrect" application of clearly established law, and a reviewing federal court may not substitute its judgment for the state court's even if the federal court, in its own independent judgment, disagrees with the state court's decision. *See Williams*, 529 U.S. at 411; *Lockyer v. Andrade*, 538 U.S. 63, 76 (2003). The reviewing court "must determine what arguments or theories supported or ... could have supported[ ] the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). "This is a 'difficult to meet,' and 'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt.'" *Cullen v. Pinholster*, 536 U.S. 170, 181 (2011) (internal citations omitted).

Federal courts are likewise directed to determine whether the state court based its findings on "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). A state court's determinations of fact shall be "presumed to be correct," and the habeas petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

**B.  Whitehead's Claims**

    *1.  Trial Court's Failure to Excuse Prospective Jurors for Cause*

Whitehead argues that the trial court erred in failing to excuse for cause three prospective jurors – Jurors N.M., J.I., and A.L. – and abused its discretion by refusing to allow defense counsel to question these jurors further during voir dire. Doc. No. 1 at 6.

The Sixth and Fourteenth Amendments protect a criminal defendant's right to be tried by an impartial jury. *Ross v. Oklahoma*, 487 U.S. 81, 85 (1988). A prospective juror is not impartial and, thus, must be excused for cause if his views "would prevent or substantially impair the performance of duties as a juror" and he would be unable to lay aside his opinion and render a verdict based on the evidence presented in court. *Wainwright v. Witt*, 469 U.S. 412, 424 (1985); *Irvin v. Dowd*, 366 U.S. 717, 723 (1961). The trial court's determination of whether a juror is impartial or biased is a question of fact and is entitled to a presumption of correctness. *Patton v. Yount*, 467 U.S. 1025, 1036-38 & 1037 n.12 (1984); *Heath v. Jones*, 941 F.2d 1126, 1132 (11th Cir. 1991). Even if a juror should have been removed for cause, there is no constitutional violation if the biased prospective juror does not actually sit on the jury. *Ross*, 487 U.S. at 85-86; *Spivey v. Head*, 207 F.3d 1263, 1272 n. 7 (11th Cir. 2000); *Heath*, 941 F.2d at 1132-33.

In its memorandum opinion affirming Whitehead's convictions and sentence, the Alabama Court of Criminal Appeals noted the portion of the record relevant to Whitehead's claim that the trial court erred in failing to excuse Jurors N.M., J.I., and A.L. for cause:

> The record reflects that following voir dire, the circuit court inquired whether there were any challenges for cause. Defense counsel indicated that the defense had a total of four challenges for cause. Once it was confirmed that one of the four had already been removed by the circuit court, defense counsel proceeded to discuss why the remaining three should be excused. Defense counsel's discussion with the circuit court was as follows:
>
> "[Defense Counsel]: Yes, sir. [N.M] and [J.I.].
>
> "....
>
> "THE COURT: Wait. [N.M.] and [J.I.], you said?
>
> "[Defense Counsel]: Right. Those are the ones that said they couldn't be fair, and then you called me up to the bench. [name omitted], 125.
>
> "THE COURT: Right.

5

"[Defense Counsel]: 171. They felt like if a stepfather – that any inappropriate thought process like that or letter or anything like that,[3] they couldn't be fair.

"THE COURT: Any response from the State on those two?

"[Prosecutor]: I mean, I didn't hear that.

"THE COURT: See, that's my problem. I heard bits and pieces of what you were starting to say. That's what led to my concern. If I was unduly harsh, I apologize. But that's my point.

"[Defense Counsel]: I know. We're having a hard time hearing –

"THE COURT: But, beyond that – for the record, your back is to me. And, obviously, where you stand actually blocks my view of about a third of the jurors, based on the angles that we're at. And I could not hear any responses from anyone.

"But I do think that the proper way to have handled that question would have been simply either to read this letter or whatever it is or summarize it to the jury and then see if they had a problem with that in the context of the law.

"[Defense Counsel]: Well, what my original question was, that I don't think that you heard, was – I said, does anybody feel like you would be biased if there was an inappropriate letter by a stepfather written to a stepdaughter, basically. That's what – I'm paraphrasing. Then the one guy answered. And then the lady, [N.M.], or [N.M.], asked me a question back. And that's when I got kind of hung up.

"THE COURT: And, of course, I couldn't hear at all –

"[Defense Counsel]: Right.

"THE COURT: – what they may have said back. But I do think that the burden is on the party seeking to challenge a juror for cause. And there's not sufficient evidence.

"[Defense Counsel]: I would ask them to be called up now.

---

[3] At trial, the State introduced into evidence a card that Whitehead had given to the victim, who was a minor, in which he expressed his love for her and suggested an intimate relationship between the two.

6

"THE COURT: Well, I don't think there's enough there, based on what I heard the question to be –

"[Defense Counsel]: Well, Judge –

"THE COURT: – that it would justify a challenge for cause.

"[Defense Counsel]: Judge, they specifically told me that they could not be fair.  Unless we call them up here –

"THE COURT: But your question was improper, and the Court never heard that.

"....

"THE COURT: The burden of proof is on you.  I encouraged you to go back.  I told you the proper question to ask these jurors, and you didn't do that.  So, challenge for cause is denied.  It's noted.  Any others?

"....

"[Defense Counsel]: Judge, I have one more strike for cause.

"THE COURT: Okay.  Well, would you please answer my question?

"[Defense Counsel]: It's [A.L.], Judge.  He said that if you thought in your mind of a crime, then you were guilty.

"....

"[Defense Counsel]: Judge, I asked if you had a thought in your head, and you didn't act upon it – I gave the robbery example.  And if you had that thought, would you be guilty of a crime, would you find the defendant guilty.  And he said, yes, if you commit crimes – if you think of a crime

"THE COURT: See, again, with all due respect, if I'm not able to hear the full question, and I can't hear what the jurors are saying, the burden is on you to make sure that I can hear these things.

"[Defense Counsel]: Judge –

"THE COURT: It's not my job to have people constantly repeat everything.  I could not hear the give and take that the two of you got into.  The State is not stipulating to your version of the facts.  If she is, then that's fine.  But to ask loaded, one-sided questions, and then that justify a

7

>    challenge for cause, that's not the way it works. You're certainly free to strike these people, but it's not a basis for cause.
>
>    "[Defense Counsel]: Well, Judge, how am I supposed to know that you can't hear them?
>
>    "THE COURT: It's your job to make sure the record is clear. It's your job to turn around – if you know that you're going to challenge [A.L.] for cause, you need to turn around and make sure that I can hear what's being said."
>
> (R. 117-124)
>
>    Other than defense counsel's representation of what the jurors said, the record does not contain a transcript of the questions asked by counsel or the answers given by the jurors.

Doc. No. 14-9 at 6-9.

>    The Alabama Court of Criminal Appeals resolved Whitehead's claim on appeal as follows:
>
>    At the outset, we note that it is impossible to review the validity of Whitehead's first argument because the record is inadequate. Neither the questions asked by defense counsel nor the actual responses of the prospective jurors is part of the record on appeal. Furthermore, neither the prosecutor nor the judge heard either the defense counsel's questions or the jurors' answers. Other than the defense counsel's summary of the questions and answers, there is no evidence in the record to adequately review Whitehead's claim.
>
>    Even if the record indicated what defense counsel claimed, Whitehead's argument would fail. The prospective jurors' responses did not support a challenge for cause on a statutory ground[4] or based on some matter which imports bias or favor. Furthermore, there is no indication that the jurors had a fixed opinion or any bias against Whitehead's case. Supporting this is the fact that none of the jurors responded when the court asked: "Do any of you have a fixed opinion as to the guilt or the innocence of the defendant which would bias your verdict?" (R. 95.) Therefore, the circuit court was within its discretion to deny Whitehead's request for the juror dismissals.
>
>    Alabama law provides "for examination of jurors as to 'qualifications, interest, or bias' and 'any matter that might tend to affect their verdict.' ... The scope of examination permitted is within the sound discretion of the trial judge."

---

[4] *See* Ala. Code § 12-15-150, setting out statutory grounds for removal of venire members for cause in criminal cases.

8

> *Vanpelt v State*, 74 So. 3d 32, 48 (Ala. Crim. App. 2009) (quoting *Fletcher v. State*, 291 Ala. 67, 68-69, 277 So. 2d 882, 883 (1973)).
>
> In this case, the circuit court found that defense counsel's questions posed to Juror N.M and Juror J.I. were improper and instructed defense counsel how to properly ask the question. Defense counsel failed to do so. The circuit court also found that Whitehead had failed to meet his burden of proof with regard to Juror A.L. Furthermore, the circuit court did not find that the jurors' responses were insufficient to justify further questioning. Accordingly, the circuit court did not abuse its discretion when it did not question the jurors further.

Doc. No. 14-9 at 11-12.

Having reviewed the record, this court agrees with the Alabama Court of Criminal Appeals, for the reasons stated in its memorandum opinion, that the trial court did not err in refusing to excuse prospective Jurors N.M., J.I., and A.L. for cause or by refusing to allow defense counsel to further question these jurors during voir dire. The state court ruling involved a reasonable determination of the facts in light of the evidence presented, *see* 28 U.S.C. § 2254(d)(2), and was neither contrary to, nor an unreasonable application of, clearly established federal law, *see* 28 U.S.C. § 2254(d)(1). Moreover, the record reflects that none of the three prospective jurors in question actually sat on the jury; they were all struck by Whitehead's counsel, who used peremptory strikes against each. *See* Doc. No. 14-1 at 162-64. Thus, even assuming, arguendo, that the trial court erred in refusing to remove these jurors for cause, Whitehead was not deprived of a constitutional right, because none of the allegedly biased jurors sat on the jury that convicted him. *See Ross*, 487 U.S. at 85-86, 88 ("[P]eremptory challenges are not of constitutional dimension … . They are a means to achieve the end of an impartial jury. So long as the jury that sits is impartial, the fact that the defendant had to use a peremptory challenge to achieve that result does not mean the Sixth Amendment was violated."); *see also United States v. Martinez-Salazar*, 528 U.S. 304, 307 (2000) ("We hold, however, that if the defendant elects to cure such an error by

9

exercising a peremptory challenge, and is subsequently convicted by a jury on which no biased juror sat, he has not been deprived of any rule-based or constitutional right.").

For the reasons set out above, Whitehead is not entitled to federal habeas relief based on this claim.

### 2. *Sufficiency of Corroborating Evidence to Support Incest Convictions*

Whitehead contends that the State failed to present sufficient corroborating evidence, as required by § 13A-13-3, Ala. Code 1975, to support his incest convictions. Doc. No. 1 at 8.

Under Alabama law:

A person commits incest if he marries or engages in sexual intercourse with a person he knows to be, either legitimately or illegitimately:

> (1) His ancestor or descendant by blood or adoption; or
>
> (2) His brother or sister of the whole or half-blood or by adoption; or
>
> (3) His stepchild or stepparent, while the marriage creating the relationship exists; or
>
> (4) His aunt, uncle, nephew or niece of the whole or half-blood.

§ 13A-13-3(a), Ala. Code 1975.

Section 13A-13-3(b), Ala. Code 1975, specifically provides that "a person shall not be convicted of incest or of an attempt to commit incest upon the uncorroborated testimony of the person with whom the offense is alleged to have been committed." *See also Ex parte Rodgers*, 554 So. 2d 1120 (Ala. 1989) (under the express language in subsection (b), corroboration of the other person's testimony is required).

At trial, R.R., Whitehead's stepdaughter, testified extensively about sexual acts – including rape, sexual abuse, and sexual intercourse – that Whitehead committed against her, starting when she was 6 years old and ending when she was 16, while Whitehead was married to R.R.'s mother.

Addressing Whitehead's claim on appeal that R.R.'s testimony relevant to the issue of incest was insufficiently corroborated for purposes of § 13A-13-3(b), the Alabama Court of Criminal Appeals stated:

> "According to § 12-21-222, Code of Alabama (1975), the test for sufficiency of corroborating evidence of accomplice testimony requires other evidence 'tending to connect the defendant with the commission of the offense.' *Ex parte Bell*, 475 So. 2d 609, 613 (Ala. 1985), cert. denied, 474 U.S. 1038, 106 S.Ct. 607, 88 L. Ed. 2d 585 (1985). 'Such corroborative testimony need not be sufficiently strong in itself to support a conviction. "[I]t is sufficient if it legitimately tends to connect the accused with the offense." *Isbell v. State*, 57 Ala. App. 444, 329 So. 2d 133, 139 (1976, per Bookout, J.).' *Senn v. State*, 344 So. 2d 192, 193 (Ala. 1977). 'The corroboration which is sufficient to support the accomplices' testimony must be of some fact tending to prove the guilt of the defendant."
>
> *Rodgers v. State*, 554 So. 2d 1123, 1124 (Ala. Crim. App. 1989). "It is not necessary that the corroborative evidence be strong enough or sufficient in itself to constitute proof beyond a reasonable doubt." *Brownlee v. State*, 545 So.2d 151, 161 (Ala. Crim. App. 1988). Rather, as this Court stated in *Ingle v. State*, 400 So. 2d 938, 940 (Ala. Crim. App. 1981), "corroboration need only be slight to suffice." Further, corroborative evidence "'need not directly connect the accused with the crime, but only tend to do so.'" *Goodwin v. State*, 644 So. 2d 1269, 1275 (Ala. Crim. App. 1993). Finally, "[w]hether such corroborative evidence exists is a question of law to be resolved by the trial court, its probative force and sufficiency being questions for the jury." *Caldwell v. State*, 418 So. 2d 168, 170 (Ala. Crim. App. 1981).
>
> Here, the State presented ample evidence to corroborate R.R.'s testimony. Specifically, the State introduced evidence of a greeting card that Whitehead gave to his stepdaughter, R.R., in which he expressed his love for her and suggested an intimate relationship between the two. Additionally, Whitehead's admission to the investigating deputy sheriff that he had romantic feelings for his stepdaughter and wanted to marry her when she turned 18 further connected Whitehead to the incest. This evidence was sufficient to corroborate R.R.'s testimony. Therefore, the circuit court did not err in submitting the incest charge to the jury.

Doc. No. 14-9.

Here, the state It usually takes at least a week to write the rec after the hearing, including a day or so to get an informal transcript. court ruling involved a reasonable determination of the facts in light of the evidence presented, *see* 28 U.S.C. § 2254(d)(2), and was neither contrary to,

11

nor an unreasonable application of, clearly established federal law, *see* 28 U.S.C. § 2254(d)(1). Moreover, Whitehead's argument regarding uncorroborated testimony seems premised entirely upon an alleged violation of Alabama law, specifically § 13A-13-3(b), Ala. Code 1975, which provides that an incest conviction cannot be had on the uncorroborated testimony of the person with whom the offense is alleged to have been committed. Thus, it is questionable whether Whitehead's claim in this regard presents a question of a constitutional nature providing any basis for federal habeas relief.[5] In any event, as stated by the Alabama Court of Criminal Appeals in its memorandum opinion, the State presented ample other evidence, besides R.R.'s testimony, to support Whitehead's convictions for incest.

For the reasons set out above, Whitehead is not entitled to federal habeas relief based on this claim.

### III.   CONCLUSION

---

[5] The Due Process Clause of the Fourteenth Amendment prohibits a criminal conviction "except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime." *In re Winship*, 397 U.S. 358, 364 (1970). Habeas relief on the merits of a claim of insufficient evidence is appropriate under § 2254 only "if it is found that upon the record evidence adduced at trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 324 (1979); *see also Lewis v. Jeffers*, 497 U.S. 764, 781 (1990).

> [T]his inquiry does not require a court to "ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt." ... [I]nstead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

*Jackson*, 443 U.S. at 318-19. To be sufficient, the "evidence need not exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt." *United States v. Harrell*, 737 F.2d 971, 979 (11th Cir. 1984). In the instant case, R.R.'s testimony, with or without the corroborating evidence, was constitutionally sufficient to sustain Whitehead's convictions for incest.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED and this case DISMISSED with prejudice, as Whitehead has not demonstrated his entitlement to any relief.

The Clerk of the Court is DIRECTED to file the Recommendation of the Magistrate Judge and to serve a copy on the petitioner. The petitioner is DIRECTED to file any objections to this Recommendation on or before September 21, 2016. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the petitioner objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson,* 885 F.2d 790, 794 (11th Cir. 1989).

DONE, on this the 7th day of September, 2016.

/s/ Susan Russ Walker
Susan Russ Walker
Chief United States Magistrate Judge